UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6304-CR-FERGUSON

UNITED STATES OF AMERICA,

VS.

CRAIG NEAL,

        Defendant.
_____/

## DETENTION ORDER

THIS MATTER came before the Court upon the Government's motion to detain the defendant, **Craig Neal**, prior to trial and until the conclusion thereof. Having received evidence and heard argument of counsel, the Court hereby GRANTS the motion and enters its written findings of fact and statement of reasons for the detention in accordance with the provisions of 18 U.S.C. § 3142(i).

A.    INTRODUCTION

On November 1, 2000, the Court held a hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any person and the community. 18 U.S.C. § 3142(f). Based upon the Indictment of the Grand Jury, see United States v. Hurtado, 779 F.2d



1467, 1479 (11th Cir. 1985), the Court finds probable cause that the defendant, **Craig Neal**, committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. This finding gives rise to a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e). Assuming, arguendo, that the defendant has come forward with sufficient evidence to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). Throughout this proceeding, the burden of persuasion is upon the Government to establish by the "preponderance of the evidence" that the defendant poses a risk of flight and/or by "clear and convincing evidence" that he poses a danger to the community. Id. at 489; 18 U.S.C. § 3142(f). In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

B.  FINDINGS OF FACT

1.  The defendant is charged with distribution of cocaine base (following two or more felony drug convictions) and possession with intent to distribute in excess of 50 grams of cocaine base (following two or more felony drug convictions), in violation of 21 U.S.C. § 841(a)(1). Therefore, the defendant is charged with crimes involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2.  The Court received credible evidence that the defendant committed the offenses with which he has been charged. Agents of the Broward Sheriff's Office and the Drug Enforcement Administration received information from a confidential informant ("CI") that **Craig Neal** was distributing narcotic drugs. On June 16, 2000, agents sent the CI to **Neal**'s Deerfield Beach apartment for the purpose of purchasing a quantity of cocaine base ("crack cocaine"). Prior to allowing the CI to enter **Neal**'s apartment, agents searched the CI and verified that he was not carrying any narcotic drugs. They also provided the CI with $50 with which to purchase crack cocaine. Shortly thereafter, the CI returned to the agents, reporting that he had purchased crack cocaine from **Neal** with the money provided; he turned over 1.2 grams of crack cocaine that he had acquired from **Neal**. Further, he informed agents that **Neal** was alone in the apartment at the time of the transaction.

Agents acquired a search warrant for **Neal**'s apartment. On June 23, 2000, prior to executing the warrant, agents again sent the CI to **Neal**'s apartment. They followed the same procedures, giving the CI $50 with which to purchase crack cocaine. The CI returned a short time later with 1.2 grams of crack cocaine.

Police then proceeded to execute the warrant on **Neal**'s apartment. As they entered, they heard movement, and items began to be thrown out of the apartment windows. Within the apartment, agents located 84.2 grams of crack cocaine, scales, and packaging and cooking materials. They also located within the apartment personal items bearing the defendant's name. From the ground outside the apartment, agents recovered crack cocaine and mail bearing the defendant's name. The defendant was then placed under arrest and charged in the state court; he bonded out of jail following that arrest.

On October 12, 2000, a federal grand jury returned an Indictment charging **Neal** with the June 16 and 23 crack cocaine offenses. When agents went to arrest **Neal** on the federal Indictment, they found in his Deerfield Beach apartment plastic bags containing crack cocaine residue and a small piece of crack cocaine on a toilet.

The Government proffered that **Craig Neal** has a criminal history that includes at least two prior felony narcotics convictions. Accordingly, the defendant faces a mandatory sentence of life imprisonment. 18 U.S.C. § 3142(g)(2).

3.  The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. The defendant is a United States citizen, having been born in Fort Lauderdale, Florida. He does not possess a passport and has not travelled outside the United States in the past two years.

The defendant reports that he has been residing at a Deerfield Beach apartment for the past month and a half with his girlfriend. Previously, he resided alone in Deerfield Beach.

The defendant advises that he is the first of four children born from his mother of Deerfield Beach and his late father. His mother, grandmother, and siblings all reside in Broward County. The defendant's girlfriend is expecting twins, and the defendant has two other children from a previous relationship.

The defendant reports that he occasionally assists his grandfather installing fences and that he last worked two weeks ago. He also reports working part-time at a local market. The defendant does not have any assets of significant value.

The defendant advises that he had a crack cocaine addiction in 1994 and

4

1995. He attended an in-patient program to address that problem.

The Pretrial Services Report reflects that the defendant has an extensive criminal record. He has been arrested under the aliases Anthony Craig and Anthony Neal, and he has utilized two dates of birth and two Social Security numbers in connection with his previous arrests. The Report reflects that the defendant has been arrested for the following offenses: possession of cocaine/resisting officer with violence (1992); homicide/possession of cocaine/escape (the defendant denies that he was arrested for these offenses)(1994); trafficking in cocaine (1996); possession of cocaine within 1,000 feet of a school/ distribution of cocaine (1996); trafficking in cocaine/possession of drug paraphernalia (1997); and trafficking in cocaine (the instant offense)(2000). In addition, the Report reflects that the defendant has been convicted of the following offenses: possession of cocaine (1992); trafficking in cocaine (misdemeanor; adjudication withheld)(1996); possession of cocaine within 1,000 feet of a school (1996); and trafficking in cocaine/possession of drug paraphernalia (1997). The Report reflects that the defendant was placed on probation in 1992 for possessing cocaine and that on three occasions the court revoked his probation/community control. 18 U.S.C. § 3142 (g)(3)(A) and (B).

4.   The Court received evidence concerning the nature and seriousness of the danger to the community that would be posed by the release of this defendant. The defendant was personally involved in the possession and distribution of crack cocaine. In addition, he has an extensive criminal history involving narcotics possession and distribution. Indeed, he was on bond for this same offense in the state court at the time

that agents went to arrest him on the federal Indictment and discovered in his possession additional quantities of crack cocaine. 18 U.S.C. § 3142(g)(4).

5.  The Government has not requested that the defendant be detained on the basis of risk of flight. Accordingly, the Court makes no finding on this issue. 18 U.S.C. § 3142(e).

6.  The Court specifically finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

C.  STATEMENT OF REASONS FOR DETENTION

1.  The Government did not request detention based upon risk of flight. Accordingly, the undersigned does not detain the defendant on that basis.

2.  Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable danger to persons and to the community. The defendant has an extensive criminal history that involves narcotics possession and distribution. And he is charged in the instant Indictment with distributing quantities of crack cocaine on at least two occasions. Furthermore, while he was on bond for this same offense in the state court, he continued to possess quantities of crack cocaine, as well as distribution materials. Accordingly, the defendant appears neither to have been deterred nor rehabilitated by virtue of his previous encounters with the criminal justice system. Given his record of narcotics offenses, coupled with the offenses charged in the instant Indictment, the defendant now faces a mandatory life sentence upon conviction.

D.  DISPOSITION

Being fully advised, the Court hereby ORDERS that the defendant, **Craig Neal**, be detained prior to trial and until the conclusion thereof.

The Court further DIRECTS

1.  That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3.  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 2nd day of November 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable Wilkie D. Ferguson, Jr.
United States District Judge

Robert Berube, Esquire
Assistant Federal Public Defender
Attorney for Defendant

Bruce Brown, Esquire
Assistant United States Attorney

United States Marshal

United States Pretrial Services